IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ALAN PARVIN,

     Plaintiff,                   No. 2:12-cv-1013 WBS CKD P

     vs.

JAMES WALKER,

     Defendants.              ORDER

                                  /

          Plaintiff, a state prisoner at California State Prison – Sacramento, has filed a motion to proceed in forma pauperis (IFP).[1]  However, the court is not in receipt of a complaint or petition stating the prisoner's claims or a request for relief.  The court has recently received a "request for judicial notice," wherein the inmate complains that the Superior Court of Shasta County sentenced him in excess of its jurisdiction.  He therefore appears to seek habeas relief, but the court has concluded that, rather than construe the request for judicial notice as an application for habeas relief, the better course is to allow the inmate time to file a formal petition for writ of habeas corpus.  Once the court receives the petition, it will rule on the motion to proceed IFP and decide whether the petition states any ground on which habeas relief could be

---

[1] The application to proceed in forma pauperis is dated June 13, 2010.  The motion was received April 17, 2012, and was the first submission from petitioner regarding a new case.  The court is also in receipt of a letter from the warden of California State Prison-Sacramento stating that as of April 11, 2012, the application for IFP had not been delivered.

granted.

If the inmate does not seek release from prison or a reduction of his sentence but instead complains about conditions of his confinement, he should submit a complaint alleging violation of his civil rights under 42 U.S.C. § 1983.  He should do so because when a state prisoner challenges the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action.  See <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir.1991).  When a state prisoner challenges the legality or duration of his custody and the relief he seeks is an order for earlier or immediate release, the prisoner has stated a claim for habeas relief under 28 U.S.C. § 2254, not a civil rights claim under § 1983.  See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).  If the prisoner seeks both kinds of relief, he must do so in separate actions.  A federal court may not consider habeas claims and civil rights claims in a single action.

Finally, regardless of whether the prisoner files a petition for writ of habeas corpus or a civil rights complaint, he must state his allegations with enough specificity that the court and the respondent (or defendant) can clearly discern the nature of his claims and the facts underlying them.  A habeas petition or civil rights complaint need not describe the facts of an alleged constitutional violation in minute detail, but it must give the court a clear understanding of the "who, what, when and how" of the prisoner's claims.  The prisoner in this case is apprised that failure to allege his claims clearly and with specificity may result in dismissal.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of service of this order to file a petition for writ of habeas corpus or complaint alleging violation of his civil rights.  The pleading must bear the docket number assigned this case, and plaintiff must file an original and two copies of the petition or complaint.  Plaintiff's failure to comply with this order will result in a recommendation that this matter be dismissed.

////

////

2. The Clerk of the Court is directed to send plaintiff the court's form for filing an application for writ of habeas corpus.

Dated: May 25, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
parv1013.no compl